FILED by ___ D.C.
ELECTRONIC
Oct 26, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------------X

CONTINENTAL CASUALTY COMPANY,

       Plaintiff,    Civil Action No.:_____

 v.          **09-CIV-23242-GOLD/MCALILEY**

NORMAN MULLINS, ROSA MIRANDA,
JOSHUA DUARTE, a minor, by and
through his mother, ROSA MIRANDA, and
YANKIRA IDAVERY, by and through her mother,
ROSA MIRANDA,

       Defendants.
-----------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff CONTINENTAL CASUALTY COMPANY ("Continental"), by and through its attorneys, Nixon Peabody LLP, as and for its Complaint for Declaratory Judgment against Defendants NORMAN MULLINS ("Mullins"), ROSA MIRANDA, JOSHUA DUARTE, and YANKIRA IDAVERY alleges as follows:

### THE NATURE OF THIS ACTION

1. This declaratory judgment action arises out of demands that Continental provide coverage for Mullins in connection with the claims alleged in the action entitled <u>Rosa Miranda, Yankira Miranda, a minor, by and through her mother and next friend, Rosa Miranda, and Joshua Duarte, minor, by and through his mother and next friend, Rosa Miranda v. Norman Mullins and Snap-On Incorporated</u>, Case No. 08-24569 CA 32, Circuit Court, 11th Judicial Circuit, Miami-Dade County, Florida (the "<u>Miranda</u> action").

1

2. The <u>Miranda</u> action arises out of a January 18, 2008 automobile accident in Naples, Florida. A vehicle driven by Norman Mullins, An employee of Snap-On, Incorporated ("Snap-On"), collided with another vehicle in which Rosa Miranda was a passenger. As a result, Miranda allegedly sustained injuries to her extremities and is now a paraplegic.

3. The <u>Miranda</u> action also asserts loss of consortium claims by Yankira Idavery and Joshua Duarte, Rosa Miranda's children.

4. Mullins was allegedly intoxicated at the time of the alleged accident.

5. Continental issued an umbrella liability policy to Snap-on, Incorporated.

6. In this declaratory judgment action, Continental respectfully requests a judicial determination that it has no coverage obligation with respect to Mullins in connection with the <u>Miranda</u> action. Continental's declaratory judgment action is based upon the terms, conditions, provisions, and exclusions of the Continental excess insurance contract and on the grounds that, among other things, Mullins is not an insured under the Continental excess insurance contract and the claims asserted in the <u>Miranda</u> action do not fall within the scope of coverage provided by the Continental excess insurance contract.

## JURISDICTION AND VENUE

7. Continental files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

8. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

9. There is complete diversity of citizenship between Continental and the defendants in this action.

10. Venue in this District is proper under 28 U.S.C. § 1391(a)(2), (3) and (c).

11. An actual case and controversy of justiciable nature exists between the parties, involving the rights and obligations of the parties under the Continental excess insurance contract.

12. Continental is, therefore, entitled to bring the instant declaratory relief action in this Court.

## THE PARTIES

13. Continental is an Illinois corporation with a principal place of business in Chicago, Illinois.

14. Norman Mullins was and is a resident of Crystal River, State of Florida.

15. Rose Miranda, Yankira Idavery, and Joshua Duarte were/are residents Lee County, State of Florida.

## THE *MIRANDA* ACTION

16. In the Miranda action, Rosa Miranda ("Miranda") alleges that on January 18, 2008, she was a passenger in a vehicle in Naples, Florida when her vehicle collided with a commercial vehicle driven by Mullins and owned by Snap-On. As a result, Miranda allegedly sustained injuries to her extremities, "physical handicaps, disfigurement, mental anguish, loss of capacity for the enjoyment of a normal life, loss of the ability to earn wages in the past and in the future, aggravation of a pre-existing condition," and medical expenses. (Complaint ¶8)

17.  The <u>Miranda</u> action alleges that Mullins negligently and carelessly operated his vehicle causing it to strike Miranda's vehicle, injuring her. It also seeks damages for loss of consortium by Yankira Idavery and Joshua Duarte, Miranda's children.

18.  Finally, the complaint seeks damages in excess of the $15,000 jurisdictional minimum. It also seeks punitive damages against Mullins on the ground that he was driving while intoxicated at the time of the accident. A copy of the complaint in the <u>Miranda</u> action is attached hereto as Exhibit A.

## THE CONTINENTAL EXCESS INSURANCE CONTRACT

19.  Continental Casualty Company issued a commercial umbrella insurance contract numbered L 2099653836 to Snap-On Incorporated, 2801 80th Street, Kenosha, Wisconsin 53140, with a policy period of January 1, 2008 to January 1, 2009 (the "Continental excess insurance contract"). A copy of the Continental excess insurance contract is attached hereto as Exhibit B.

20.  The Continental excess insurance contract includes the following provisions:

**SECTION I – COVERAGES**

1.  **Insuring Agreement**

    We will pay on behalf of the insured those sums in excess of "scheduled underlying insurance," "unscheduled underlying insurance" or the "retained limit" that the insured becomes legally obligated to pay as "ultimate net loss" because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.

    a.  This insurance applied to "bodily injury" and "property damage" only if:

        (1)  The "bodily injury" or "property damage" is caused by an "incident" anywhere in the world;

        (2)  The "bodily injury" or "property damage" occurs during this policy period; and ….

                            * * *

4

If we are prevented by law, statute or otherwise from paying on behalf of the insured, then we will indemnify the insured for those sums that the insured is legally obligated to pay as "ultimate net loss" because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.

\* \* \*

**SECTION II – WHO IS AN INSURED**

1. Named Insured means any individual or organization stated in the Declarations of this policy and if you are designated in the Declarations of this policy as:

   \* \* \*

   c. An organization other than a partnership or joint venture, you and your executive officers and directors, but only with respect to their duties as your officers or directors. Your stockholders are also named insureds, but only with respect to their liability as stockholders.

   \* \* \*

2. Insured means the Named Insured and:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your employees, other than your executive officers and directors (if you are an organization other than a partnership, joint venture or limited liability company) or your members (if you are a limited liability company) but only for acts within the scope of their employment by you or while performing duties related to the conduct or your business. However, none of these employees or "volunteer workers" is an insured for:

   \* \* \*

   c. Any other persons or organizations included as an insured under the provisions of the "scheduled underlying insurance" shown in the Declarations of this policy and then only for the same coverage, except for limits of insurance, afforded under such "scheduled underlying insurance."

   \* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

3. **"Bodily Injury"** means bodily injury, sickness or disease sustained by a person, including death, humiliation, shock, mental anguish or mental injury by that person at any time which results as a consequence of the bodily injury, sickness or disease.

\* \* \*

9. **"Incident"**

5

    a.    With respect to "bodily injury" and "property damage," "incident" means an occurrence. An occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    b.    With respect to "personal an advertising injury," "incident" means an offense arising out of your business.

* * *

16. **"Retained limit"** means the amount stated as such in the Declarations. The "retained limit" is retained and payable by the insured as respects in all "incidents" not covered by "scheduled underlying insurance" or by "unscheduled underlying insurance."

17. **"Scheduled underlying Insurance"** means the insurance policies listed in the Schedule of Underlying Insurance including renewal or replacement of such contracts which are not more restrictive than those listed in the aforementioned Schedule of Underlying Insurance.

18. **"Ultimate net loss"**

    a.    "Ultimate net loss" means the actual damages the insured is legally obligated to pay, either through:

        **(1)**    Final adjudication on the merits; or

        **(2)**    Through compromise settlement with our written consent or direction;

    because of "incident(s)" covered by this policy.

    However, it includes the above mentioned sums only after deducting all other recoveries and salvages.

    b.    "Ultimate net loss" does not include the following:

        **(1)**    Costs or expenses related to:

            **(a)**    Litigation;

            **(b)**    Settlement;

            **(c)**    Adjustment; or

            **(d)**    Appeals;

        nor costs or expenses incident to the same which an "underlying insurer" has paid, incurred or is obligated to pay to or on behalf of the insured;

        **(2)**    Pre-judgment interest;

        **(3)**    Office costs and expenses and salaries and expenses of the employees of an insured;

  **(4)**  Our office costs and expenses and salaries of our employees; or

  **(5)**  General retainer and/or monitoring fees of counsel retained by the insured.

19. **"Underlying Insurer"** means an insurer whose policy covers "bodily injury," "property damage" or "personal and advertising injury" also covered by this policy but does not include insurers whose policies were purchased specifically to be in excess of this policy. It includes all insurers providing:

 **a.** "Unscheduled underlying insurance"; and

 **b.** "Scheduled underlying insurance."

20. **"Unscheduled underlying Insurance"**

 **a.** "Unscheduled underlying insurance" means insurance policies available to an insured, whether:

  **(1)**  Primary;

  **(2)**  Excess;

  **(3)**  Excess-contingent; or

  **(4)**  Otherwise;

 except the policies listed in the Schedule of Underlying Insurance.

 **b.** "Unscheduled underlying insurance" does not include insurance purchased specifically to be excess of this policy.

* * *

21. The Continental excess insurance contract is subject to all of its terms, conditions, provisions, and exclusions, which are fully incorporated herein by reference.

22. Based upon the terms, conditions, provisions, and exclusions of the Continental excess insurance contract, Continental has no coverage obligation to Mullins with respect to the <u>Miranda</u> action since Mullins is not an insured and the claims asserted in the <u>Miranda</u> action do not fall within the scope of coverage provided by the Continental excess insurance contract. Therefore, Continental is entitled to a judicial declaration in this action relieving it of any coverage obligation to Mullins with respect to the <u>Miranda</u> action.

7

## FIRST CAUSE OF ACTION

23. Continental repeats and realleges each of the foregoing paragraphs as if fully set forth hereat.

24. The Continental excess insurance contract states that Continental will pay "those sums in excess of the 'scheduled underlying insurance'… or the 'retained limit' that the insured becomes legally obligated to pay as 'ultimate net loss'" due to bodily injury or property damage.

25. Wausau Insurance is listed as the underlying insurance for Snap-On relative to automobile liability coverage.

26. The Continental excess insurance contract defines "retained limit" as the amount stated on the declarations and the "payable by the insured as respects 'all incidents' not covered by 'scheduled underlying insurance.'"

27. The Continental excess insurance contract states that "ultimate net loss" does not include "(1) Costs or expenses related to: (a) Litigation, (b) Settlement; … nor costs or expenses incident to same which an 'underlying insurer' has paid, incurred or is obligated to pay on behalf of the insured."

28. Under the Continental excess insurance contract, Continental is excess and, thus, has no duty to defend Mullins with respect to the Miranda action.

29. Continental is therefore entitled to a declaration that there is no duty to defend under the Continental excess insurance contract for Mullins with respect to the Miranda action.

## SECOND CAUSE OF ACTION

8

30. Continental repeats and realleges each of the foregoing paragraphs as if fully set forth hereat.

31. The "Who Is An Insured" provision of the Continental excess insurance contract states that an insured includes your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business...."

32. Thus, to be an insured, the Continental excess insurance contract requires that Mullins must have been a Snap-On employee acting within the scope of his duties as an employee at the time of the alleged incident.

33. At the time of the accident, Mullins was employed by Snap-On to repair service equipment.

34. On the date of the accident, Mullins' work for Snap-On ended after he completed his last repair service call.

35. The Miranda action alleges that Mullins was negligently and carelessly driving Snap-On's commercial vehicle at the time of the accident.

36. Upon information and belief, prior to the accident, Snap-On had a USA Fleet Management Handbook (the "handbook") setting forth rules and guidelines to be followed by the authorized drivers of its automobiles. Snap On's handbook contains provision 8. relative to "Alcohol or drug use policy." A true and correct copy of provision 8. in Snap On's handbook is attached hereto as Exhibit C. It states as follows:

9

> No person may be in or may drive a company-provided vehicle or one rented or used for company business, if impaired in any way due to alcohol or drug use. Any associate convicted of an alcohol or drug-related offence must immediately notify their supervisor and their Human Resource Manager.
>
> **The company reserves the right to take disciplinary action up to and including dismissal against any associate convicted of any alcohol or drug-related offense.**

37. On January 18, 2008, the date of the accident, the Florida Highway Patrol arrested Mullins for driving under the influence of alcohol at the time of the accident.

38. Upon information and belief, at the time of the accident, Mullins' blood alcohol level exceeded the legal limit for the State of Florida.

39. On January 18, 2008, the date of the accident, Mullins was charged with "DUI serious bodily injury," and two counts of "DUI personal injury" as a result of the accident.

40. At the time of the accident, Mullins was in violation of Snap-On's guidelines by driving while impaired by or under the influence of alcohol.

41. Mullins was terminated by Snap-On as a result of his intentional violation of Snap-On's policy by driving while impaired by or under the influence of alcohol.

42. Mullins was not within the scope of his employment for Snap-On since he was DUI at the time of the incident. Indeed, Mullins was in violation of Snap-On's guidelines by DUI.

43. Mullins' actions in consuming alcohol and driving under the influence were outside the scope of his employment with Snap-On.

44. Mullins is not an insured under the Continental excess insurance contract since he was not an employee acting within the scope of his employment with Snap-On at the time of the incident.

45. Based upon the foregoing, Continental is entitled to a judicial declaration that there is no coverage for Mullins with respect to the Miranda action on the ground that Mullins is not an insured under the Continental excess insurance contract.

46. Continental is also entitled to a declaration that that has no coverage obligation to Rose Miranda, Yankira Idavery, and Joshua Duarte under the Continental excess insurance contract with respect to the Miranda action.

**WHEREFORE**, plaintiff Continental Casualty Company prays for judgment:

1. With respect to the First Cause of Action, declaring that Continental owes no coverage obligation to Mullins, including no duty to defend, with respect to the Miranda action.

2. With respect to the Second Cause of Action, declaring that Mullins is not an insured under the Continental excess insurance contract and, thus, Continental has no coverage obligation to Mullins with respect to the Miranda action.

3. Awarding Continental its attorneys' fees, costs and disbursements incurred in this action, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Continental demands trial by jury of all issues so triable.

11

Dated: Palm Beach Gardens, Florida
       October 20, 2009

                                              Respectfully submitted,

                                              _____

                                              Lazaro J. Mur, Esq.
                                              Florida Bar No. 0511188
                                              Nixon Peabody LLP
                                              7121 Fairway Drive, Suite 203
                                              Palm Beach Gardens, Florida 33418
                                              Tel.: 561-691-5420
                                              Fax: 561-691-5421

                                              *Attorneys for Plaintiff*

12745976

12

12 of 13

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Ca**

FILED
Oct 26, 2009
ELECTRONIC

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
CONTINENTAL CASUALTY COMPANY,

**(b)** County of Residence of First Listed Plaintiff  Cook County, Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Nixon Peabody LLP
7121 Fairway Drive, Suite 203
Palm Beach Gardens, Florida 33418

## DEFENDANTS
Norman Mullins, Rosa Miranda, Joshua D[u...]
Idavery, by and through their mother, Rosa Miranda.

County of Residence of First Listed Defendant  Citrus County, Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

09 CV 23242 GOLD/MCALILEY

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
✓ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ✓ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ✓ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

SPOKE WITH Cyril Smith w/ law office concerning County where action arose. WANT IT TO BE MIA/DE

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ■ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Continental Casualty seeks a declaratory judgment under 28 U.S.C. § 2201 that there is no coverage for defendants under the Continental insurance contract at issue
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 10/26/2009

**FOR OFFICE USE ONLY**
AMOUNT 350.00    RECEIPT # 726480    IFP

13 of 13